IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMAINE CEPHAS MARSHALL, #317791  *

                Petitioner          *

   v.                         *         Civil Action No. GLR-13-2816

WARDEN, et al.               *

                Respondents     *

**<u>MEMORANDUM</u>**

On September 22, 2013, Petitioner Jermaine Cephas Marshall filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for murder, armed robbery and related offenses entered in 2003 by the Circuit Court for Baltimore City.[1]  ECF No. 1. Respondents filed an Answer which solely addresses the timeliness of the Petition.  ECF No. 6. Petitioner filed a reply.  ECF Nos. 8 and 10.

Petitioner was convicted on August 25, 2003, by the Circuit Court for Baltimore City, Maryland of murder, robbery with a deadly weapon, assault, and use of a handgun in the commission of a crime of violence.  ECF No. 6, Ex. 1, 2 and 6.  He was sentenced on December 30, 2003, to a life term of imprisonment for the murder conviction and an additional consecutive ten year term.  <u>Id.</u>, Ex. 1.  Petitioner noted a timely appeal.  <u>Id.</u>, Ex. 2.  His convictions and sentences were affirmed by the Court of Special Appeals of Maryland in an unreported opinion on March 20, 2006.  Petitioner's petition for further review was denied by the Maryland Court of Appeals on June 9, 2006.  <u>Id.</u>, Ex. 3.  Accordingly, his convictions became final on September 7,

---

[1] The Petition, received on September 25, 2013, is dated September 22, 2013, and is deemed filed on that date.

2006, when the time for seeking further review in the United States Supreme Court expired.  See U.S. Sup. Ct. Rule 13.1 (requiring a petition for writ of certiorari to be filed within 90 days of the date of the judgment of which review is sought).

On November 20, 2009, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq.  A hearing on the petition was held on June 11, 2010.  Id., Exs. 1 and 6.  Relief was denied by order dated September 1, 2010.  Id.  Petitioner's timely application for leave to appeal the adverse ruling of the state post-conviction court was denied by the Court of Special Appeals on June 5, 2013.  The court's mandate issued on July 8, 2013.  Id., Exs. 4 and 5.

Title 28 U.S.C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases

---

[2]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

for those convicted in a state case.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  <u>See</u> 28 U.S.C. § 2244(d)(2);  <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 (4th Cir. 2000); <u>Gray v. Waters</u>, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

The statute of limitations began to run in Petitioner's case on September 7, 2006.  Over three years passed between the time when Petitioner's conviction became final and the filing for post-conviction relief.  Petitioner has missed the statutory deadline for seeking federal habeas corpus relief, he asserts, however, that the statute of limitations period should be tolled.

In <u>Holland v. Florida</u>, 560 U.S. 631 (2010), the Supreme Court of the United States explained that equitable tolling is available only where (1) the movant has diligently pursued his rights, and (2) some extraordinary circumstance prevented the timely filing.  <u>Holland</u>, at 663.  The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case.  <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 329-30 (4th Cir. 2000).[3]

Petitioner argues the statute of limitations period should be tolled because he forwarded his "skeletal petition" for post-conviction relief to the Maryland Office of the Public Defender-Collateral Review Division in early 2007.  ECF No. 8.  He indicates that he did not receive notification from Collateral Review that his "skeletal petition" had been received by them until an attorney from Collateral Review came to visit him in 2009.  <u>Id.</u>  He argues that the time of filing of the state petition should run from when he mailed the draft, and therefore lost control of the petition.  <u>Id.</u>  He indicates that despite contacting Collateral Review in 2007, they did not file

---

[3] <u>See also</u> <u>Lusk v. Ballard</u>, No. 2:10cv5, 2010 WL 3061482, *6 (N.D.W.Va. July 22, 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in <u>Harris</u>, remains virtually unchanged after <u>Holland</u>.)

his petition until 2009.  ECF No. 10.

Petitioner is simply incorrect in his understanding of how the federal limitations period runs.  Contacting the Public Defender for representation does not serve to toll the federal limitations period, as seeking representation does not constitute a properly filed post-conviction proceeding.  Further, nothing in the record suggests that Petitioner acted with the diligence required.  Rather, he mailed a draft petition to the Public Defender's office and then apparently waited approximately two years to be contacted.  Moreover, there is no indication that any misconduct or some extraordinary circumstance prevented Petitioner from timely completing post-conviction review.

Petitioner's erroneous understanding of the law is an insufficient basis on which to find that the limitations period should be equitably tolled, and his pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling.  See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (concluding that attorney miscalculation of the limitations period not sufficient to warrant equitable tolling); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (rejecting as a basis for equitable tolling a pro se prisoner's misunderstanding of the filing deadline); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) ("[A] mistake . . . in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." (quoting Harris, 209 F.3d at 331)); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (concluding that a prisoner's pro se status does not merit equitable tolling); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (concluding that ignorance of the law or lack of knowledge of filing deadlines are not rare and exceptional circumstances and

do not justify equitable tolling); <u>Francis v. Miller</u>, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (concluding that ignorance of the law and legal procedure and limited access to legal assistance are not extraordinary circumstances that warrant equitable tolling).   Accordingly, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings Section 2254 cases, the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to a habeas applicant.   6 Orfield's Criminal Procedure Under the Federal Rules Appendix B.   Where, as here, the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).   If the Court denies a COA, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.   6 Orfield's Criminal Procedure Under the Federal Rules Appendix B.   Here, the Court finds that Petitioner has failed to make the required showing and declines to issue a COA.

A separate Order follows.

July 16, 2014                                                    /s/

_____
George L. Russell, III
United States District Judge